UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL M. STROUPE | CIVIL ACTION |
| VERSUS | NO. 23-264 |
| ROBIN L. RICE, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendants Robin Rice, Edmund Rice, and Aaron Stroupe's unopposed motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]  For the following reasons, the Court grants defendants' motion and dismisses plaintiff's complaint.

## I. BACKGROUND

This case arises from a dispute regarding the disposition of plaintiff's late parents' estate, including the proceeds of a life insurance policy held by plaintiff's mother.  Plaintiff filed a pro se complaint against defendants Robin Rice, Edmund Rice, and Aaron Stroupe, in which he contends that Robin Rice, his sister, and Edmund Rice, his brother-in-law, forged a change-of-beneficiary form for his mother's life insurance policy to divert the funds

---

[1]      R. Doc. 10.

from plaintiff, the true beneficiary.[2]  Plaintiff further alleges that his sister improperly charged him for multiple expenses, including his parents' funeral expenses and improvements to his parents' home.[3]

Defendants now move to dismiss plaintiff's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Defendants argue that plaintiff's claims arise under state, rather than federal, law, and that there is not complete diversity between plaintiff and defendants Robin Rice and Edmund Rice.[4]  The Court considers the motion below.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).  In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on

---

[2]  R. Doc. 5.  The allegations in plaintiff's complaint are nearly identical to the allegations in another lawsuit that plaintiff filed against Robin Rice, Edmund Rice, Aaron Stroupe, and Laura Borchert, which this Court dismissed for lack of jurisdiction. *See Stroupe v. Borchert, et al.*, No. 23-265 (E.D. La. 2023).
[3]  R. Doc. 5 at 4-5.
[4]  R. Doc. 10.

2

"(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by the undisputed facts plus the court's resolution of disputed facts." *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera-Montenegro*, 74 F.3d at 659). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016).

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Two possibilities for jurisdiction exist: federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. If a district court lacks jurisdiction over the subject matter of a plaintiff's claims, it must dismiss the case. *See* Fed. R. Civ. P. 12(b)(1).

Plaintiff initiated his case on the pro se template for civil complaints. The template includes two boxes: one for federal question jurisdiction, and one for diversity jurisdiction. Plaintiff checked the box for federal question

jurisdiction.[5] Defendants argue that neither federal question jurisdiction nor diversity jurisdiction exists in this case.[6]

The Court will assess each jurisdictional basis in turn.

1.   *Federal Question Jurisdiction*

Federal question jurisdiction extends to "all actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction under section 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Nevertheless, federal courts do not have jurisdiction over complaints that cite to federal laws where the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or "is wholly insubstantial and frivolous." *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 349 (5th Cir. 2021) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *see also Henderson v. Buttross*, No. 17-436, 2017 WL 2391806, at *2 (W.D. Tex. June 2, 2017) ("A pro se plaintiff's mere

---

5   R. Doc. 5 at 3.
6   R. Doc. 10.

assertion of a federal statute, which clearly does not apply, is insufficient to invoke federal question jurisdiction.").

Here, plaintiff's claims sound in state law—he contends that defendants are liable for fraud and conversion. In the section of the pro se complaint template that instructs plaintiffs to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," plaintiff lists only one statute: 28 U.S.C. § 1331, the federal question jurisdiction statute.[7] That statute confers jurisdiction to federal courts over complaints involving federal claims; it is not, itself, a "federal law [that] creates the cause of action." *Frank*, 128 F.3d at 922. Plaintiff invokes no other federal laws in his complaint. Because plaintiff's reference to 28 U.S.C. § 1331 is insufficient to confer subject matter jurisdiction, the Court next considers whether diversity jurisdiction is present.

### 2. *Diversity Jurisdiction*

Diversity jurisdiction requires complete diversity among the parties and an amount-in-controversy that exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "Complete diversity 'requires that all persons

---

7   R. Doc. 5 at 3.

on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). For purposes of diversity jurisdiction, an individual is a citizen of the state where he establishes his domicile. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). "Evidence of a person's place of residence . . . is *prima facie* proof of his domicile." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

In his complaint, plaintiff alleges that he is a citizen of Washington, and that defendants are citizens of Louisiana.[8] Defendants Robin Rice and Edmund Rice deny these allegations.[9] They contend that they reside in Washington, and they attach an exhibit with images of various licenses issued by the state of Washington, including their driver's licenses and Edmund Rice's concealed pistol license.[10] They also attach bills and correspondence addressed to their home in Washington.[11]

When, as here, diversity of citizenship is challenged, the party invoking federal jurisdiction bears the burden of proving citizenship by a

---

8   R. Doc. 5 at 3.
9   R. Doc. 10.
10  R. Docs. 10-1 & 10-2.
11  R. Doc. 10-2.

6

preponderance of the evidence. *Preston*, 485 F.3d at 798. Plaintiff does not respond to defendants' assertion that complete diversity is absent here. Because plaintiff does not meet his burden of establishing complete diversity by a preponderance of the evidence, the Court finds that diversity jurisdiction is lacking.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' motion to dismiss and DISMISSES plaintiff's complaint WITHOUT PREJUDICE.

New Orleans, Louisiana, this __29th__ day of June, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE